Filed 4/16/14  P. v. Colburn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)


| | |
|---|---|
| THE PEOPLE, | C074627 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F003) |
| v. | |
| CHARLES MICHAEL COLBURN, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

An information filed September 19, 2011, charged defendant Charles Michael Colburn with two felony counts of theft of utility services, one theft occurring between May 17, 2010, and January 5, 2011, and the other theft occurring between January 10, 2011, and January 14, 2011.  (Pen. Code, § 498, subd. (b)(1).)

A doubt as to defendant's competency to stand trial was declared in July 2012 and criminal proceedings were suspended.  Two examining psychologists found defendant competent to stand trial.  The court agreed and reinstated criminal proceedings.

1

In February 2013, defendant entered a plea of no contest to the two counts of theft of utility services as misdemeanors in exchange for probation and a hearing on the amount of victim restitution.

After an April 2013 restitution hearing, the court determined that defendant owed $4,894.88 in victim restitution. In May 2013, the court suspended imposition of sentence and granted informal probation for a term of three years subject to certain terms and conditions including victim restitution as previously determined, a $355 fine on each count, a $140 restitution fine, and a stayed $140 probation revocation restitution fine.

Defendant appeals.

The parties stipulated that there was a factual basis for the plea but no source for the factual basis was identified. Nonetheless, there was testimony about the thefts at the restitution hearing which we summarize as follows.

According to the public utilities district employee who had the responsibility for billing, defendant's electricity was disconnected for nonpayment on May 17, 2010. On January 5, 2011, the district disconnected a device which defendant had installed to "tap[]" its underground line to allow for unmetered usage. Defendant owed $5,624.20 for 233 days of unmetered usage and a deposit of $300 to disconnect and to reconnect. On a subsequent visit to defendant's home, the district discovered a second device which was disconnected. Defendant had received five days of unmetered usage, totaling $119.40. To calculate the amount defendant owed, the employee stated that defendant's average electrical usage over seven months (September 2009 to April 2010), which had been high, was used and multiplied by 1.25 percent based on the assumption by district managers that defendant had been stealing power before it was discovered.

Because the district managers did not testify to explain their rationale for using the 1.25 percent surcharge, the court awarded victim restitution at the average daily consumption rate or 80 percent. The court awarded a total amount of $4,894.88

2

($4,499.36, first unmetered power usage loss; $95.52, second unmetered power usage loss; and a $300 deposit).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                 __BLEASE_____, Acting P. J.


We concur:


     __HULL_____, J.


     __DUARTE_____, J.